UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMANDA B. JARMAN, Individually, and on behalf of all similarly situated consumers, | ) ) ) | Case No.: |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CLASS ACTION COMPLAINT and JURY DEMAND |
| FRANKLIN COLLECTION SERVICE, INC. | ) ) | |
| Defendant. | ) ) ) ) | |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.   This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.   Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.   Plaintiff is a natural person, who at all relevant times has resided in San Antonia, Texas.

5.  Defendant Franklin Collection Service Inc. ("Defendant") regularly conducts business within the State of Texas with its principal place of business located at 2978 W Jackson St., Tupelo, Mississippi 38801.

## BACKGROUND

6.  Congress enacted the FDCPA to prevent the use of intimidating and unlawful tactics by debt collectors attempting to collect debts.

7.  In attempt to collect a debt, Defendant sent Plaintiff a dunning letter attached as Exhibit A.

8.  The debt stems from an internet service provider for Plaintiff's home. Accordingly, the debt was incurred through personal and household use, and is therefore a "debt" as that term is used and defined within the FDCPA.

9.  The letter states: "I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE."

10. The letter was sent on July 18, 2016.

11. Since this letter was sent more than thirty (30) days have passed, however Defendant has never placed any negative credit information on Plaintiff's credit report.

12. Upon information and belief, Defendant specifically placed this language within the letter to intimidate Plaintiff into making payment on the alleged debt.

13. Upon information and belief, Defendant never intended to credit report this information, as in fact, Defendant has not reported it.

14. Thus, Defendant's threat is false, deceptive, and misleading in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16. Plaintiff seeks certification of the following classes, initially defined as follows:

**The Class: All consumers within the State of Texas that have received collection letters from Defendant substantially similar to Exhibit A concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint.**

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds of consumers throughout the State of Texas, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated or unsophisticated consumer."

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

21.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

23.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

25.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

32. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

35. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken; and**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, Plaintiff, Amanda B. Jarman, respectfully requests that this Court do the following for the benefit of Plaintiff:

6

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

Dated this 26th of March, 2017.

                                                        Respectfully Submitted,

                                                        */s/Daniel Zemel*
                                                        *Attorney for Plaintiff*
                                                        Daniel Zemel, Esq.
                                                        Zemel Law LLC
                                                        70 Clinton Ave., Suite 3
                                                        Newark, New Jersey 07114
                                                        T (862) 227-3106
                                                        dz@zemellawllc.com